## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRANDI DELK; DONNA LEWIS, in her capacity as the (proposed) guardian ad litem for K.P.H., a minor; JENA ALLEN, in her capacity as the (proposed) guardian ad litem for A.R.H., a minor; PAMELA HUMBERS, in her capacity as the Trustee for BRANDI DELK, K.P.H., a minor, and A.R.H., a minor; and CATINA HENNING, <br><br> Defendants. | Civil Action No. 7:12-CV-56 (HL) |

## ORDER

This case is before the Court on Plaintiff's Motion to Appoint Guardian Ad Litem for K.P.H., Motion to Appoint Guardian Ad Litem for A.R.H., Motion for Final Default Judgment, Motion to Deposit Funds with Court, and Motion for Summary Judgment Granting Interpleader and Discharging Prudential from Further Liability (Doc. 29). Brandi Delk, Pamela Humbers, Donna Lewis, and Jena Allen have filed a consolidated response to the motions. Catina Henning is in default and did not respond. Plaintiff did not file a reply brief.

Plaintiff, through the Office of Servicemembers' Group Life Insurance, issued policy number G-32000, covering the life of Kevin Patrick Henning. Henning died on June 14, 2011. At the time of his death, the value of the death benefits payable under the policy was $400,000.

On or about December 12, 1998, Henning designated Jena Allen as the primary beneficiary of the death benefit payable under the policy. On or about January 15, 2008, Henning designated "To My Trustee Pamela S. Humbers to Fund a Trust Established for the Benefit of My Children: [K.P.H. and A.R.H.] and Brandi I. Delk under My Last Will and Testament" as the primary beneficiary of any benefit due under the policy. No one involved in this action has been able to locate the last will and testament referenced in the January 15, 2008 beneficiary designation.

On or about July 21, 2011, Pamela Humbers submitted a claim to the death benefits in her capacity as Trustee for K.P.H., A.R.H., and Brandi Delk. On the same date, Brandi Delk also submitted a claim to the death benefits. On or about July 27, 2011, Jena Allen submitted a claim for the death benefit on behalf of A.R.H. Plaintiff filed this interpleader action on April 26, 2012, stating it was unable to determine who was entitled to payment of the death benefits. Plaintiff has now filed a number of motions, each of which the Court will address separately.

**A.     Motion for Final Default Judgment against Catina Hennings**

After the complaint was filed, each of the Defendants was served with summons and a copy of the complaint. Each Defendant answered with the exception of Catina Henning.[1] Plaintiff requested an entry of default from the Clerk of Court, and the default was entered on October 29, 2012.

Plaintiff now requests the entry of a final default judgment against Catina Henning based on her failure to timely answer the complaint or otherwise appear in the action. The Court agrees that a default judgment against Catina Henning is appropriate. This portion of Plaintiff's motion is granted. The scope of the final default judgment is outlined in the conclusion section below.

**B.     Motion to Appoint Donna Lewis as Guardian Ad Litem for K.P.H.**

K.P.H. is a minor. Under Federal Rule of Civil Procedure 17(c)(2), the Court is required to appoint a guardian ad litem to protect a minor who is unrepresented in an action. Donna Lewis is K.P.H.'s mother and natural guardian. She has already appeared on behalf of K.P.H. in this matter. Further, because she does not have an individual claim to the death benefits, there is no conflict of interest with the minor. Defendants consent to the appointment.

Based on the foregoing, the Court grants Plaintiff's motion to have Donna Lewis appointed as guardian ad litem for K.P.H.

---

[1] Catina Henning is the widow of Kevin Patrick Henning.

**C.     Motion to Appoint Jena Allen as Guardian Ad Litem for A.R.H.**

A.R.H. is also a minor. Jena Allen is A.R.H.'s mother and natural guardian. She has already appeared on behalf of A.R.H. in this matter. Further, because she does not have an individual claim to the death benefits, there is no conflict of interest with the minor. Defendants consent to the appointment.

Based on the foregoing, the Court grants Plaintiff's motion to have Jena Allen appointed as guardian ad litem for A.R.H.

**D.     Motion to Deposit Funds into the Registry of the Court**

Pursuant to Federal Rule of Civil Procedure 67(a), Plaintiff seeks to deposit the death benefit, along with any applicable interest, in the Registry of the Court. Defendants have no objection. Thus, the Court grants Plaintiff's motion to deposit funds.

**E.     Motion for Summary Judgment and Discharge from Liability**

Plaintiff states that once it has deposited the death benefit and any applicable interest with the Clerk of Court, it should be discharged from the case and any further liability. Defendants agree, as does the Court. Thus, this portion of the motion is granted, as further outlined in the conclusion section below.

**F.     Conclusion**

1.     Plaintiff's Motion for Final Default Judgment against Catina Henning is granted. Catina Henning is permanently enjoined from bringing any action or

proceeding claiming an interest to the death benefit in any forum against any person, or making any further actual or implied claims, demands, and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against any person, arising out of or in connection with the policy and/or the death benefits thereunder.

2. Plaintiff's Motion to Appoint Guardian Ad Litem for K.P.H. is granted. Donna Lewis is appointed guardian ad litem for K.P.H.

3. Plaintiff's Motion to Appoint Guardian Ad Litem for A.R.H. is granted. Jena Allen is appointed guardian ad litem for A.R.H.

4. Within fourteen (14) days of the date of this Order, Plaintiff shall deposit with the Clerk of Court the death benefit; to wit: $400,000, plus accrued claim interest on this amount, if any. The funds are to be deposited by the Clerk of Court into the Registry of the Court as soon as the business of the office allows. The funds shall be deposited into an interest-bearing account and shall remain on deposit until further order of the Court. Plaintiff is ordered to serve a copy of this Order on the Clerk of Court.

5. Upon the deposit of the death benefit and any applicable interest with the Clerk of Court, summary judgment is granted in favor of Plaintiff. Plaintiff shall be, and hereby is, discharged from any and all liability as to Brandi Delk; Donna Lewis, in her capacity as the guardian ad litem for K.P.H., a minor; Jena

Allen, in her capacity as the guardian ad litem for A.R.H., a minor; Pamela Humbers, in her capacity as the Trustee for Brandi Delk, K.P.H., and A.R.H., and Catina Henning relating to the policy and/or death benefit. Further, Brandi Delk; Donna Lewis, in her capacity as the guardian ad litem for K.P.H., a minor; Jena Allen, in her capacity as the guardian ad litem for A.R.H., a minor; Pamela Humbers, in her capacity as the Trustee for Brandi Delk, K.P.H., and A.R.H., and Catina Henning are permanently enjoined from bringing any action or proceeding claiming an interest to the death benefit in any forum, or making any further actual or implied claims, demands, and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum, arising out of or in connection with Plaintiff relating to the policy and/or death benefit due thereunder.

6. Plaintiff is hereby released from all claims, rights, interests, and actions that Brandi Delk; Donna Lewis, in her capacity as the guardian ad litem for K.P.H., a minor; Jena Allen, in her capacity as the guardian ad litem for A.R.H., a minor; Pamela Humbers, in her capacity as the Trustee for Brandi Delk, K.P.H., and A.R.H., and Catina Henning might otherwise have held against Plaintiff with respect to the policy and/or death benefit.

7. Any and all claims against Plaintiff relative to the policy and/or death benefit are dismissed with prejudice.

8.   The Court will retain jurisdiction over this action for purposes of determining to whom and how the death benefit to be paid into the Court by Plaintiff should be distributed. The Court understands that Defendants Delk, Humbers, Lewis, and Allen have reached a settlement with respect to their claims to the funds in this case. Defendants are to provide the Court with a notice of final settlement outlining how the funds are to be divided no later than February 22, 2013.

**SO ORDERED**, this the 9th day of January, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh